UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ORALIA ZAVALZA GRADILLA (A-232-081-468),

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 1:26-cv-6412 TLN CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Oralia Zavalza Gradilla (A-232-081-468), a native of Mexico who is proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus.

**I. FACTUAL BACKGROUND**

Petitioner, a 42 year old native of Mexico, has resided in the United States since about April 2001. (ECF No. 1 at 2.) On December 7, 2001, petitioner's lawful permanent resident mother filed a petition for alien relative to establish a qualifying family relationship on petitioner's behalf, which the United States Citizenship and Immigration Services (" USCIS")

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

approved on March 26, 2002. (Id.) In December 2022 petitioner sought adjustment pursuant to Immigration and Nationality Act ("INA") § 245(i); petitioner claimed grandfathering as the derivative beneficiary of an earlier family-based immigration petition filed by her naturalized United States citizen grandfather on May 22, 1997, when petitioner was 13 years old. (Id.) On August 7, 2026, petitioner was detained by immigration authorities when she voluntarily appeared for her interview with USCIS for adjudication of her pending adjustment application. (ECF No. 1 at 4.) At the time petitioner filed this verified habeas petition, petitioner had not been provided with a hearing before a neutral decisionmaker to assess danger or flight risk. (Id.)

Petitioner is the mother of three United States citizen children, including two minor children. (Id.) Petitioner owns her home in Salida, California, where she has lived since 2013, maintains stable employment as a cashier at WinCo Foods, has no criminal history, and has never been subject to the Intensive Supervision Appearance Program, immigration reporting requirements, or any other form of custodial supervision. (Id. at 2-3.)

Respondents do not contest petitioner's factual allegations. (See ECF No. 7.)

## II. PROCEDURAL BACKGROUND

On August 12, 2026, petitioner filed her petition for writ of habeas corpus. (ECF No. 1.) On August 20, 2026, respondents timely filed a reply to the petition. (ECF No. 7.) On August 21, 2026, petitioner filed a reply and notice of supplemental custody development. (ECF No. 9.) On August 27, 2026, petitioner filed a notice of changed circumstances and request for prospective injunctive relief. (ECF No. 10.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus

has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner raises three claims for relief. (ECF No. 1 at 67-89.) First, petitioner claims her warrantless arrest and detention violates 8 U.S.C. §§ 1226(a) and 1357(a). (Id. at 67-76.) Second, petitioner claims respondents violated the Fifth Amendment by depriving petitioner of her physical liberty without constitutionally adequate pre-deprivation process. (Id. at 76-85.) Third, petitioner claims her continued detention without an individualized showing of necessity violates the Fifth Amendment. (Id. at 85-89.) Respondents do not argue that petitioner is a flight risk or a danger to the community, and instead argue that petitioner's detention was mandatory under 8 U.S.C. § 1225(b)(2)(A) because they assert that she was an "applicant for admission." (ECF No. 7 at 1.) Respondents further do not contend that petitioner has a criminal history. (See ECF No. 7.)

Respondents acknowledge that Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), "holds that § 1226(a) governs petitioner's detention." (Id. at 1.) The Court interprets respondents' acknowledgment to refer to the large volume of cases in which this district court has repeatedly rejected respondents' new interpretation[2] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the INA and/or violates due process.

In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States

[2] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. The majority of courts nationwide agree, rejecting respondents' new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, respondents' argument that petitioner is subject to § 1225(b)(2) fails and the Court recommends granting the petition on statutory grounds (claim one). After respondents' reply was filed, petitioner was provided a bond hearing on August 20, 2026, and petitioner was released from custody under a $15,000 bond. (ECF No. 9-1.) Because petitioner was released from custody, no further relief as to the wrongful detention is warranted. However, petitioner is entitled to permanent injunctive relief enjoining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing

///

before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that her physical custody is legally justified.

## V. PETITIONER'S REMAINING CLAIMS

In the petition, petitioner also raises a warrantless arrest claim and due process claims (claims one, two, three). (ECF No. 1 at 68-89.) Because the Court recommends granting the petition on the statutory claim (in claim one) (id. at 67-68), the Court need not address any additional claims raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief she seeks on the court's ruling as to her statutory claim (in claim one).

## VI. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted. Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED. Petitioner has now been provided a bond hearing and was released on bond.
2. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner Oralia Zavalza Gradilla (A-232-081-468) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that her physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).
3. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 1, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/grad6412.157.2241.imm.gr.pi